**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000709
14-NOV-2024
07:53 AM
Dkt. 49 SO**

NO. CAAP-21-0000709

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MICHAEL MCCLURG and TROPICAL DREAM,
a general partnership, Petitioners-Appellants,
v.
JENNIFER CAULFIELD and LEE PICHÉ, Respondents-Appellees,

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CCV-21-0000262)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Nakasone and Guidry, JJ.)

Petitioners-Appellants Michael McClurg and Tropical

Dream (collectively **McClurg**)[1] appeal from the "Order Granting

Respondent[-Appellee] Jennifer Caulfield's [(**Caulfield**)] Motion

to Dismiss Filed September 23, 2021 and Denying [McClurg's]

Cross-Motion for Summary Judgment Filed October 21, 2021"

---

[1]     The record reflects that McClurg, Caulfield, and Lee Piché (**Piché**) entered into a general partnership, under the partnership name "Tropical Dream."  Pursuant to the terms of the Partnership Agreement, McClurg holds a 50% interest in the partnership, and Caulfield and Piché, who were married at the time they entered into the partnership and are now divorced, hold an undivided 50% interest.  McClurg brought this lawsuit on behalf of himself and Tropical Dream.

(**Order**), filed on November 23, 2021, and the Final Judgment (**Judgment**), filed on November 26, 2021, by the Circuit Court of the Third Circuit (**circuit court**).[2]

McClurg contends on appeal that the circuit court erred by granting Caulfield's motion to dismiss, and denying his cross-motion for summary judgment.[3]  Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve McClurg's contentions as follows:

(1) At the outset, we address McClurg's contention that the circuit court erred by not converting Caulfield's HRCP Rule 12(b)(6) motion to dismiss to a motion for summary judgment.  "[A] motion seeking dismissal of a complaint is transformed into a[n] [HRCP] Rule 56 motion for summary judgment when the circuit court considers matters outside the pleadings." Goran Pleho, LLC v. Lacy, 144 Hawaiʻi 224, 236, 439 P.3d 176, 188 (2019) (citation omitted).

The record reflects that declarations signed by counsel, and McClurg and Piché, were filed in support of and in

---

[2]     The Honorable Wendy M. DeWeese presided.

[3]     McClurg sets forth four points of error on appeal, contending that the circuit court erred by: (1) "[f]ailing [t]o [t]reat [Caulfield's Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 12(b)(6)] [m]otion [t]o [d]ismiss as [a] [m]otion [f]or [s]ummary [j]udgment"; (2) granting Caulfield's motion to dismiss; (3) "failing to grant [McClurg's] [c]ross-[motion for summary judgment] on procedural grounds, in light of [Caulfield's] refusal to file an opposition"; and (4) denying McClurg's cross-motion for summary judgment.

opposition to Caulfield's motion to dismiss.  These declarations presented "matters outside the pleadings."  See id.  We find that the circuit court's apparent consideration of these declarations effectively converted the motion to dismiss to an HRCP Rule 56 motion for summary judgment, and we therefore review the circuit court's ruling accordingly in section (2) infra.  See Lumford v. Yoshio Ota, 144 Hawai'i 20, 25, 434 P.3d 1215, 1220 (App. 2018) (finding that because "the court did not expressly state that it was excluding matters outside the pleadings in making its decision on the Motion to Dismiss . . . the [c]ircuit [c]ourt properly treated the Motion to Dismiss as a summary judgment motion and [it will] consider the [c]ircuit [c]ourt's ruling in [that] light").

(2) McClurg contends that the circuit court erred by granting Caulfield's motion to dismiss.  We review the circuit court's ruling de novo.  State Farm Fire & Cas. Co. v. Pac. Rent-All, Inc., 90 Hawai'i 315, 322, 978 P.2d 753, 760 (1999) (reviewing "the challenged motions to dismiss [de novo] pursuant to the standard relating to summary judgment" where "the parties presented various matters outside of the pleadings to the circuit court").  The court applies the following standard,

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A

> fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Ralston v. Yim, 129 Hawaiʻi 46, 55—56, 292 P.3d 1276, 1285—86 (2013).

The Hawaiʻi Supreme Court has recognized that,

> If there is an enforceable agreement to arbitrate, the court's power is limited by [Hawaii Revised Statutes (**HRS**)] Chapter 658. The court cannot act except as allowed by that Chapter. The court can compel the parties to arbitrate under HRS § 658-3.  It can name the arbitrator under HRS § 658-4. It can compel witnesses to attend under HRS § 658-7. In addition, the court can confirm, modify, or vacate a final award under HRS §§ 658-8, -9, and -10. However, under HRS § 658-5, **the court cannot try or decide issues or controversies that are referred to or are referable to the arbitrator.**

Bateman Constr., Inc. v. Haitsuka Bros., Ltd., 77 Hawaiʻi 481, 484, 889 P.2d 58, 61 (1995) (emphasis added).[4]

HRS § 658A-6 (2016) instructs that,

> (a) An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract.

---

[4]    HRS chapter 658 was repealed in 2001, and replaced with HRS chapter 658A (Uniform Arbitration Act).  2001 Haw. Sess. Laws Act 265, §§ 1, 5 at 810-20.  Although Bateman Constr., Inc. references HRS chapter 658, the legal principles set forth above, including that courts cannot decide issues or controversies referable to arbitration, apply to arbitration clauses governed by HRS chapter 658A.  See United Pub. Workers, AFSCME, Local 646, AFL-CIO v. City & Cnty. of Honolulu, Bd. of Water Supply, No. 27945, 2010 WL 706522, at *3 n.4 (Haw. App. Feb. 25, 2010) (mem. op.) ("HRS Chapter 658A is similar in many respects to the repealed HRS Chapter 658, and therefore certain decisions under HRS Chapter 658 remain instructive.")

(b) The court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate.

"[I]n order to be valid and enforceable, an arbitration agreement must have the following three elements: (1) it must be in writing; (2) it must be unambiguous as to the intent to submit disputes or controversies to arbitration; and (3) there must be bilateral consideration."  Siopes v. Kaiser Found. Health Plan, Inc., 130 Hawaiʻi 437, 447, 312 P.3d 869, 879 (2013) (citation omitted).

The parties do not dispute the existence of the Partnership Agreement, which incorporates the following arbitration clause,

XI. SETTLING DISPUTES

All Partners agree to enter into mediation before filing suit against any other Partner or the Partnership for any dispute arising from this Agreement or Partnership. All Partners agree to attend one session of mediation before filing suit. **The Partners agree that any and all disputes, claims or controversies arising out of or relating to this Agreement shall be submitted to the American Arbitration Association, or similar dispute resolution service, for mediation, and if the matter is not resolved through mediation, then it shall be submitted to the American Arbitration Association, or similar dispute resolution service, for final and binding arbitration**. Judgment on the Award may be entered in any court having jurisdiction. If the dispute is not settled after one session of mediation and if the arbitration process does not resolve the dispute, the Partners are free to file suit. Any law suits will be under the jurisdiction of the state of Hawaii.

(Emphasis added.)

The record reflects that the written arbitration agreement referenced above unambiguously provided that "any and

5

all disputes, claims or controversies arising out of or relating to" the Partnership Agreement shall, if not resolved through mediation, "be submitted to the American Arbitration Association, or similar dispute resolution service, for final and binding arbitration."  The Partnership Agreement was signed by all three partners -- McClurg, Piché, and Caulfield -- and memorialized their agreement to make "initial contributions" towards the building of "a custom home" that they would sell and to "share the net profits sale of the house[,]" pursuant to the terms of the agreement.

At present, the parties agree that a dispute exists between McClurg and Caulfield.  McClurg appears to contend that the partnership property was sold for a loss after accounting for construction expenses and costs, there are no net profits to distribute, and judicial dissolution of the partnership is appropriate.  Caulfield appears to contend that she is entitled to 25% of the net profit of the sale of the property, which is being held in escrow by Title Guaranty, and that an accounting is necessary to determine the calculation of the partnership's profit.  Pursuant to the Partnership Agreement, to which Caulfield was a signatory, Caulfield shares an undivided 50%

6

partnership interest with Piché.[5]  She disputes the distribution of the partnership assets; the arbitration clause of the Partnership Agreement reflects the agreement between the three partners that all partnership "disputes, claims or controversies" must be referred to arbitration before any partner may file suit.

We conclude that the circuit court was not wrong in ruling as a matter of law "that the [partnership] dispute that [was] before [it] [was] a dispute that was intended to be covered by the [P]artnership [A]greement" and, as such, needed to be submitted for arbitration before it could be adjudicated by the court.

(3) McClurg contends that the circuit court erred by failing to grant McClurg's cross-motion for summary judgment on "procedural grounds."  McClurg appears to argue that the circuit court should have granted McClurg's cross-motion for summary judgment because Caulfield "did not file an opposition to the

---

[5]     Caulfield and Piché, who were married when the Partnership Agreement was executed, divorced in March 2018.  Caulfield contends that, pursuant to the divorce agreement, she holds a 25% interest in the partnership.  McClurg appears to contend that Caulfield, pursuant to the terms of the Partnership Agreement, holds an undivided 50% interest with Piché, and, as such, Caulfield cannot independently (without Piché's agreement) invoke the arbitration provision.  McClurg cites no legal authority for this proposition.  We find that, whether Caulfield's interest is properly characterized as a 25% interest or an undivided 50% interest, Caulfield possessed, as a signatory and named partner to the Partnership Agreement, a partnership interest that was governed by the arbitration clause.

[c]ross-[motion for summary judgment] or respond by affidavit or otherwise, setting forth specific facts showing that there are genuine issues for trial." Because the circuit court denied McClurg's cross-motion for summary judgment without reaching the merits, as discussed infra in section (4), we conclude that McClurg's contention lacks merit.

(4) McClurg contends that the circuit court erred by denying his cross-motion for summary judgment. At the hearing on Caulfield and McClurg's respective motions, the circuit court informed the parties that "[it was] not reaching [McClurg's] cross-motion for summary judgment, because [it was] granting [Caulfield's] motion to dismiss without prejudice." Consistent with the above, the circuit court's Order stated that "[McClurg's] Cross Motion for Summary Judgment is DENIED WITHOUT PREJUDICE."

The record reflects that the circuit court summarily denied McClurg's cross-motion for summary judgment after ruling that this dispute, pursuant to the Partnership Agreement, must first be submitted for arbitration. The circuit court thus declined to address the merits of McClurg's cross-motion for summary judgment on the basis that the lawsuit was not properly before the court at that time. We conclude that the circuit

court was not wrong in denying McClurg's cross-motion for summary judgment, without prejudice, on this basis.

For the foregoing reasons, we affirm the Order, filed November 23, 2021, and Judgment, filed November 26, 2021.

DATED: Honolulu, Hawaiʻi, November 14, 2024.

On the briefs:

David H. Lawton,
for Petitioners-Appellants.

Robert Goldberg,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge